**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**JAY GIANNUKOS,** )<br>)<br>**Defendant.** )<br>_____) | **Case No. 15-20016-CM** |

## MEMORANDUM AND ORDER

Defendant Jay Giannukos was charged in a four-count indictment on February 19, 2015. After a January 2016 jury trial, defendant was found guilty on all four counts and was later sentenced to 322 months in prison. Defendant filed a direct appeal, and on November 9, 2018, the Tenth Circuit issued its opinion, reversing his convictions on counts two and three of the superseding indictment, and remanding for new trial. On April 29, 2019, defendant filed a Motion to Dismiss Indictment (Doc. 124), arguing the remaining counts should be dismissed for prosecutorial misconduct.

First, defendant argues that the indictment should be dismissed because the government obtained and listened to attorney-client calls while he was incarcerated at Correctional Corporation of America (CCA) awaiting trial. The issues presented in defendant's motion to dismiss are familiar in this District. Defendant claims that he is the victim of practices of the United States Attorney's Office and CCA, whereby video and audio recordings of privileged attorney-client communications were made, obtained, and potentially reviewed. These allegations are being addressed in *United States v. Black, et al.*, 16-cr-20032-JAR.

In this case and others, defendants have filed motions to dismiss pending criminal cases based on the allegations raised in *Black*. Likewise, a number of convicted defendants have filed related §

-1-

2255 motions, either pro se or through the Federal Public Defender's office. This court's practice to date has been to delay briefing on the § 2255 motions until the *Black* issues are resolved. Likewise, the court finds it proper to refrain from making substantive rulings on the allegations in motions to dismiss based on *Black* issues. Evidence is not presently available for review, and this court does not wish to interfere with the ongoing *Black* litigation until after Judge Robinson has issued final rulings.

For these reasons, the court determines that defendant's motion to dismiss should be denied. This ruling does not mean that defendant will never be entitled to any relief based on his allegations. After judgment is entered in this case, defendant may again raise these allegations in a § 2255 motion. But in any event, the allegations do not merit dismissal of defendant's case at this time.

Defendant also claims the indictment should be dismissed because of misconduct of the government in failing to provide *Brady* evidence to the defense. A violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), occurs when the government suppresses evidence that is favorable to the defendant, "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Defendant argues that the government failed to turn over videos that show one of the government's witnesses falling over a balcony while at CCA. Defendant alleges that this evidence would have clarified whether the witness intentionally or unintentionally fell over the balcony. If the witness had been suicidal, according to defendant, that evidence could have been used to impeach his credibility. The failure of the government to turn over this evidence affected defendant's ability to cross-examine this witness.

Without discussing the merits of this argument or commenting on whether prosecutorial misconduct occurred, the court denies defendant's motion to dismiss. At this juncture, the court finds the issue is moot. The government has turned over documentation about the incident to defense counsel, and the video was acquired prior to the reversal of defendant's case and was used in his

sentencing hearing. The Tenth Circuit remanded this case for new trial, and defendant now has the discovery at issue to use in preparation for his new trial. Additionally, defendant did not make a showing in his motion that the evidence at issue is even relevant to the remaining counts. For these reasons, defendant's motion to dismiss is denied.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 124) is denied.

Dated this 18th day of July, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**