**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 15-20016-1-CM |
| **JAY GIANNUKOS,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant moves the court for a new trial pursuant to Federal Rule of Criminal Procedure 33(b)(1), arguing that the government violated his rights guaranteed under the Fifth and Sixth Amendments to the U.S. Constitution by withholding *Brady* evidence and obtaining and listening to defendant's attorney-client phone calls. (Doc. 143.) Because defendant's pre-sentencing motion is untimely, the court denies the motion.[1]

### I. BACKGROUND

A grand jury returned a four-count indictment against defendant Jay Giannukos on February 19, 2015. He was detained and held at the then-CCA Leavenworth facility. The court appointed Ms. Chekasha Ramsey as counsel from the Kansas Federal Defender's Office, and Ms. Ramsey represented defendant until September 16, 2015, when she withdrew due to a conflict. The court appointed Mr. John Jenab as counsel, effective the following day. Defendant eventually proceeded to trial, and on January 22, 2016, a jury found defendant guilty on all counts.

Defendant appealed two of his four convictions on the issue of inadequate jury instructions for illegal possession of firearms. On December 3, 2018, the Tenth Circuit issued its mandate, reversing

---

[1] Defendant's attack on his conviction may be properly brought under 28 U.S.C. § 2255 after sentencing.

-1-

and remanding those two convictions for new trial.  (Doc. 109.)  Mr. Jenab withdrew due to a conflict, and the court ultimately appointed Ms. Angela Williams as counsel.  (*See* Docs. 115; 118.)

In July and August of 2016, after trial in this case, the issues in *United States v. Black*[2] came to light, raising numerous Sixth Amendment violations for CCA detainees, including defendant.  Highly summarized, prosecutors requested, obtained, and listened to detainees' attorney-client phone calls.[3]  At least some of these requests date back to before defendant's initial detention at CCA Leavenworth and continue through the entry of jury verdict in his case.[4]  Defendant, understandably, believes prosecutors obtained and listened to his own attorney-client communications as well.

Defendant moved to dismiss the indictment based on the issues raised in *Black*, further alleging a failure to provide *Brady* evidence.[5]  The court denied the motion.  (Doc. 135.)  With respect to the *Brady* challenge, (1) the government provided the evidence at-issue prior to sentencing, and defendant now had the evidence for new trial; and (2) defendant made no showing in his motion that the evidence was relevant to any other counts.  With respect to the *Black*-based challenge, (1) defendant's claims would remain available on § 2255 motion; and (2) evidence in *Black* was not yet available for review, and the court wished to avoid disturbing those proceedings until Judge Robinson issued final rulings.

Defendant filed the instant motion for new trial (Doc. 143) based on the same *Brady* and *Black* grounds; the government moved to dismiss the two remanded charges (Doc. 145); and the court granted the government's motion on November 5, 2019 (Doc. 146).  Defendant's remaining convictions are not within the Tenth Circuit's mandate, and these proceedings are once again at the sentencing phase.

---

[2] D. Kan. No. 16-20032-JAR.
[3] Judge Robinson issued Findings of Fact and Conclusions of Law in *Black* through the *Carter* proceeding, further ordering the filing of additional pleadings.  *United States v. Carter*, No. 16-20032-02-JAR (D. Kan. Aug. 13, 2019), Doc. 758.
[4] *See id.* at 101–06 (discussing data analysis and calls requested by prosecutors).
[5] Defendant alleged that the prosecutor failed to disclose impeachment evidence concerning an incarcerated witness's possible suicide attempt.

## II. LEGAL STANDARDS

On motion by defendant, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The time to file a motion for new trial is not unlimited, and a motion based on newly-discovered evidence must be filed within three years after either the verdict or finding of guilt. *Id.* 33(b)(1). The Advisory Committee's Notes to the 1998 amendments clarify that the 33(b)(1) filing window runs from "the trial court's verdict or finding of guilty" rather than the appellate court's final judgment, and that the window—originally two years—was extended to compensate for the expected decrease in time.

## III. DISCUSSION

The government asks the court to deny defendant's motion both for untimeliness and, in the alternative, because defendant has neither alleged nor substantiated any violation of his rights requiring a new trial. Defendant, on reply, does not address the timeliness of his motion.

Advisory Committee Notes are not binding, but are highly persuasive authority. *See Introductory Statement by Advisory Committee on Rules of Criminal Procedure*, Notes to the Rules of Criminal Procedure for the District Courts of the United States, 4 F.R.D. 405 (1944) ("The Notes are not to be regarded as a part of the Rules. They have been prepared without supervision or revision by the Supreme Court, and are not approved or sponsored by the Court. *They have no official sanction and are intended merely as suggestions and guides*." (emphasis added)). As aptly stated by the Fourth Circuit, "the Advisory Committee's Note is not the law; the rule is. . . . [I]f the rule and the note conflict, the rule must govern." *United States v. Carey*, 120 F.3d 509, 512 (4th Cir. 1997).

Defendant's timeline relies on the time between his *sentencing*—or final judgment in a criminal case—and the government's Spring 2019 production of "incident reports that were generated by CCA as a result of the [trial witness's] suicide attempt[.]" (Doc. 143, at 3 (citing *United States v. Varah*, 952

F.2d 1181, 1183 (10th Cir. 1991)).) The court sentenced defendant on March 21, 2017. (*See* Docs. 84; 85.) Accordingly, if the Rule 33(b)(1) timeline runs from judgment, defendant's October 2019 motion is timely.

The court may resolve the question of timeliness without deviating from the text of the rule, though the Advisory Committee's Notes are helpful for historic context. Prior to the 1998 amendments, the timeline for a Rule 33 motion based on newly-available evidence "c[ould] be made only before 'final judgment' or within two years thereafter. If an appeal [was] pending, the trial court [could] grant the motion only on remand of the case." *Casias v. United States*, 337 F.2d 354, 355–56 (10th Cir. 1964) (applying previous Rule where motion could be made "only before or within *two years after final judgment* [or issuance of mandate]." (emphasis added)). Under the previous rule, in the event of appeal, "the two-year time period for filing a motion for new trial . . . r[an] from the date of the appellate court's mandate, not the district court's entry of judgment." *United States v. Custodio*, 141 F.3d 965, 966 (10th Cir. 1998) (applying pre-amendment Rule and citing *Casias*, 337 F.2d at 356).

Rule 33(b)(1) now uses a three-year timeline running from "the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). The Rule no longer refers to final judgment, and the effect of appeal is now to prevent the granting of any pending motion until remand, rather than to restart the filing timeline. *See id.* Defendant's jury returned its verdict—the operative filing for defendant's remaining convictions—on January 22, 2016. Defendant's motion, filed on October 31, 2019, is more than nine months past the three-year filing deadline. Accordingly, defendant's pre-sentencing motion is untimely, and the court may not yet reach the merits of his claims.

The court notes, as it did in ruling on defendant's Motion to Dismiss Indictment, that this decision does not mean that defendant may not ultimately receive relief on his claims. Defendant's

concerns are serious, and the court may reach these issues in a properly filed post-sentencing motion for § 2255 relief.

**IT IS THEREFORE ORDERED** that Defendant's Motion for a New Trial (Doc. 143) is denied.

Dated this 14th day of February, 2020, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**