IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case NO. 2:15-cr-20016-CM |
| | ) |
| Jay Giannukos, | ) |
| | ) |
| Defendant, | ) |

<u>Sentencing Memorandum</u>

**I. Introduction**

In 2016 Mr. Giannukos went to trial on his case. However, the process had already been tainted before the jury was even empaneled. It was tainted by the former AUSA on the case, Terra Moorehead had obtained three of Mr. Giannukos' phone calls with his first attorney, Che Ramsey and because she failed to turn over evidence about its star witness, Jeffrey Roark and his suicide attempt several months prior to his testimony at trial. Because of this we believe that Mr. Giannukos should receive a sentence of time served.

**II. What sentence is sufficient, but not greater than necessary to satisfy the purpose set for the in §3553(a)(2)?**

The sentencing guidelines ask us to look not only at the crime but at the person and his or her life and history in order to find the appropriate sentence for any particular crime. For Jay Giannukos, in light of the shady shenanigans of the previous AUSA on the case, we believe that sentence is time served.

*Kimbrough v. United States*, 128 S.Ct. 588 (2007) requires the Court to render a sufficient sentence not greater than necessary to reflect the seriousness of offense; promote respect for the law; provide just punishment by considering his history and characteristics; and afford adequate deterrence. The statute governing sentencing requires the district court to "impose a sentence sufficient, but not greater than

1

necessary, to comply with the purposes set forth in paragraph (2)" of that provision. 18 U.S.C. § 3553(a). Those purposes are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

### A. A sentence to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment.

Mr. Giannukos has served over 5 years already. This sentence has punished him sufficiently and rendering a sentence of time served would also promote respect for the law to show the AUSA's office that such breaches in the judicial process will not be tolerated. Mr. Giannukos has been in custody since January of 2015. He has had much time to reflect on his own bad decisions. Sentencing him to excessive time in prison "would serve no end, but ritualistic punishment with a high potential for destruction." *United States v. Rodriguez,* 724 F.Supp 1118, 1119 (S.D.N.Y. 1989). Similarly, sentencing him to additional excessive time would send a message to the AUSA's office that the pretrial shenanigans of listening to his phone calls and hiding evidence about the mental health of a star witness can be done with impunity.

A sentence of time served is appropriate for Mr. Giannukos. A longer prison sentence would serve no deterrent against his future behavior or the future behaviors of the AUSA's office. Mr. Giannukos has clearly seen how his behavior has impacted himself and his family and this devastation has caused him to re-examine his life and behavior. He is committed to making better choices for himself. Putting Mr. Giannukos in prison for longer, in this case would not serve justice.

### B. To provide adequate deterrence to criminal conduct.

There is no study that shows prison is a deterrence to criminal conduct. In fact most current studies show that there is no relationship between deterrence and

2

longer prison sentence.  "Current empirical research on general deterrence shows that while certainty of punishment has a deterrent effect, "increases in severity of punishments do not yield significant (if any) marginal deterrent effects.... Three National Academy of Science panels… reached that conclusion, as has every major survey of the evidence." Michael Tonry, Purposes and Functions of Sentencing, 34 Crime and Justice: A Review of Research 28-29 (2006).

When deciding on an appropriate punishment under the guidelines it is important not just to look at the criminal conduct at issue, but also at the defendant's individual involvement, his comparative culpability, his past criminal history and conduct and other indicators that could predict future behavior and likelihood to reoffend. In this case, Mr. Giannukos has already been in custody for over 5 years. This is a significant amount of time.   A sentence of 5 years is than sufficient to serve the 3553 sentencing goal in this case.

The Supreme Court in *Gall v. United States*, 128 S.Ct. 586, 595 (2007), in fact recognizes that probation is a "substantial restriction of freedom."

> "Offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty. *See United States v. Knights*, 534 U.S. 112, 119, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001) ("Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled' " (quoting *Griffin v. Wisconsin,* 483 U.S. 868, 874, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987))).4 Probationers may not leave [128 S.Ct. 596] the judicial district, move, or change jobs without notifying, and in some cases receiving permission from, their probation officer or the court. They must report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking. USSG § 5B1.3. Most probationers are also subject to individual "special conditions" imposed by the court."

While we are not asking for probation, we are asking for a prison term of time served, a substantial punishment.

### C.   To Protect the Public from Future Crimes of the Defendant

I believe that Mr. Giannukos is unlikely to reoffend.  He has been sober for over 5 years now.  The public would be best protected if Mr. Giannukos was sentenced to

3

time served. This would encourage Mr. Giannukos to leave prison and choose a better path and would encourage the AUSA's office to not engage in such behavior in the future.

### D. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon* v. *United States,* 518 U. S. 81, 113 (1996). Underlying this tradition is the principle that "the punishment should fit the offender and not merely the crime." *Williams,* 337 U. S., at 247; see also *Pennsylvania ex rel. Sullivan* v. *Ashe,* 302 U. S. 51, 55 (1937) ("For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender".  *Pepper*, at 1239-1240 (2011))

Prison not only means an excessively harsh and unnecessary punishment that actually would not even accomplish the sentencing goals of section 3553(a)(2), 5 years is more than enough time to be in prison for less than 6 months of activity.

We are asking that the Court look beyond Mr. Giannukos very serious lapse in judgment and see him as a whole person who made a bad choice.  We are also asking the Court to recognize that the bad behavior of the prosecutor's office should be neither tolerated nor repeated. A sentence of time served would provide both Mr. Giannukios with sufficient punishment to avoid this kind of behavior in the future and the AUSA's office not to engage in the questionable tactics that happened in this case. He is ready, willing and able to change his behavior and make amends to his family and the community.  Indeed, this sentence is exactly the sentence that complies with the mandate of section 3553(a) that the sentence be "sufficient, but not greater than necessary" to comply with the purposes of sentencing, as discussed above.

Thank you for your sincere consideration.  Mr. Giannukos by and through his counsel sincerely requests the court impose a sentence of a total of time served, as discussed above and for other such relief as is just and fair.

Respectfully submitted,

 /s/Angela L. Williams

Angela L. Williams, KS20956
The Law Offices of Angela L. Williams, LLC
4049 Pennsylvania Suite 201
Kansas City, MO 64111
816-531-2166 (T)
816-531-2444(F)
angie.williams@me.com
www.williamslawkc.com