IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 15-20016-01-DDC |
| JAY GIANNUKOS, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Jay Giannukos's Motion for Return of Property (Doc. 153), Motion to Compel Discovery (Doc. 154), Motion for Reconsideration (Doc. 165), and Pro Se Motion to Produce (Doc. 166). For the reasons set forth below, the court grants in part and denies without prejudice in part defendant's Motion to Compel Discovery (Doc. 154). The court denies without prejudice defendant's other motions.

I.     **Background**

In February 2015, a grand jury returned a four-count indictment against defendant Jay Giannukos for counterfeit currency and various drug trafficking and firearms offenses. He was detained and held at the then-CCA Leavenworth facility. The court appointed Ms. Chekasha Ramsey as counsel from the Kansas Federal Defender's Office, and Ms. Ramsey represented defendant until September 16, 2015, when she withdrew due to a conflict. The court appointed Mr. John Jenab as counsel, effective the following day. Defendant eventually proceeded to trial, and on January 22, 2016, a jury found him guilty on the following charges: possession with intent to distribute methamphetamine; possession of a firearm in furtherance of a drug trafficking crime; felon in possession of a firearm; and counterfeiting federal reserve notes.

Defendant appealed two of his four convictions on jury instructions issues.  In December 2018, the Tenth Circuit issued its mandate, reversing the two firearms convictions and remanded them for a new trial.  (Doc. 109.)  Mr. Jenab withdrew due to a conflict, and the court appointed Ms. Angela Williams as counsel.  (*See* Docs. 115; 118.)  The government moved for and the court granted dismissal of defendant's remanded convictions, and this case is pending a new sentencing hearing.  (*See* Doc. 146.)

Meanwhile, in July and August of 2016, after trial, the issues in *United States v. Black*[1] surfaced, raising numerous Sixth Amendment issues for CCA detainees, potentially including defendant.[2]  Because some of these issues pre-date defendant's initial detention at CCA Leavenworth and continue through the jury's verdict in his case, the defendant believes prosecutors acquired and listened to his attorney-client communications in violation of his Sixth Amendment rights.  Preparing for sentencing once again, defendant seeks discovery of recorded calls and related information he believes to be in the government's possession, as well as *Brady*-related discovery about one of the prosecution's trial witnesses.

## II.    Discussion

Defendant's discovery-related motions ask the court to order two groups of pre-sentencing production:  (1) *Brady* evidence that may be relevant to the credibility of a key witness at trial and sentencing; and (2) *Black*-based evidence that may be relevant to a future attack on his conviction under § 2255.  The court takes up defendant's four motions, below.

---

[1]        D. Kan. No. 16-20032-JAR.

[2]        Judge Robinson issued Findings of Fact and Conclusions of Law in *Black* through the *Carter* proceeding, further ordering the filing of additional pleadings.  *United States v. Carter*, No. 16-20032-02-JAR (D. Kan. Aug. 13, 2019), Doc. 758, at 101–06 (discussing data analysis and calls requested by prosecutors).

### A.       Motion for Return of Property (Doc. 153)

Defendant's Rule 41(g) motion seeks *Black*-based evidence in support of defendant's

attack on his conviction.

Federal Rule of Criminal Procedure 41(g) governs requests for return of property seized

in connection with a criminal investigation.

> A person aggrieved by an unlawful search and seizure of property or by the
> deprivation of property may move for the property's return. The motion must be
> filed in the district where the property was seized. The court must receive
> evidence on any factual issue necessary to decide the motion. If it grants the
> motion, the court must return the property to the movant, but may impose
> reasonable conditions to protect access to the property and its use in later
> proceedings.

Fed. R. Crim. P. 41(g).  The court retains jurisdiction over Rule 41(g) motions throughout and

after termination of the criminal proceeding.  *United States v. Clark*, 84 F.3d 378, 381 (10th Cir.

1996) ("Where criminal proceedings against the movant have already been completed, a district

court should treat a rule 41(e) motion as a civil complaint.") (interpreting former Rule 41(e)); *see*

*United States v. Copeman*, 458 F.3d 1070, 1071 n.1 (10th Cir. 2006) ("What was formerly Rule

41(e) is now Rule 41(g), with only stylistic changes.").  "A district court should exercise its

equitable power to grant relief only if the Rule 41(g) movant shows irreparable harm and an

inadequate remedy at law."  *United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011)

(quotations omitted).

Defendant's motion seeks return of "all calls and information about [defendant] that was

obtained by the AUSA's office during the pendency of his first trial."  (Doc. 153, at 4.)  He

identifies at least three calls accessed by the AUSA prosecuting his case,[3] arguing that

---

[3]       Defendant alleges the AUSA accessed his calls on May 14, 2015, July 7, 2015, and July 20, 2015.  Doc.
153, at 2.  His motion does not identify whether these calls were attorney-client communications, and some of his
calls were accessed out of concern that defendant was attempting to influence witnesses or obstruct justice.  While it
is unclear which calls the government ultimately accessed and if they were among those impounded and turned over

prosecutors had access to calls where he discussed strategy with his attorney, and that this access and use of this information was prosecutorial misconduct and violated his Sixth Amendment rights.  (*See id.* at 3.)  The government responds that defendant's desired relief is unclear and not linked to Rule 41, that some of his calls were provided to defendant's prior counsel, and that if he seeks general recovery of all his jail calls, then he should direct his request to CoreCivic.

Defendant does not substantially argue that he has an inadequate remedy at law if required to proceed through a discovery mechanism other than Rule 41(g).  Presently, similar relief continues to be requested and granted through § 2255 litigation in this District.  *See, e.g.*, *United States v. Phommaseng*, No. 14-CR-20014-JAR, 2019 WL 3801720, at *1 (D. Kan. Aug. 13, 2019) (seeking leave to conduct discovery under Rule 6 of the Rules Governing Section 2255 Proceedings).  In light of this procedure and the court's rulings below, which should capture much or all of defendant's requested discovery under Rule 41(g), his Motion for Return of Property is denied without prejudice to a request made via those other means.

### B.      Motion to Compel Discovery (Doc. 154)

Defendant's Motion to Compel Discovery seeks *Brady* evidence relevant to an alleged suicide attempt by a key prosecution witness—Jeffery Roark—as well as any records regarding his own jail calls currently in the prosecution's possession.

Under *Brady v. Maryland*, the prosecution's suppression of "evidence favorable to an accused upon request violates due process where the evidence is material to either guilt or punishment," regardless of good or bad faiths.  373 U.S. 83, 87 (1963).  Evidence is "favorable" if it is "exculpatory or impeaching," and "material" if "there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different."  *Browning*

---

to the FPD's office, defendant's name appears several times in some of the *Black* litigation's discovery filings.  *See United States v. Black*, D. Kan. No. 16-20032, Exs. 715B-017 & 715B-018; Docs. 764-1, at 1; 764-3, at 4; 764-4, at 6; 764-5, at 5; 764-6, at 4; 764-8, at 2; 764-13, at 4; 764-16, at 6; 764-21, at 4; 730-1, at 26.

*v. Trammell*, 717 F.3d 1092, 1094 (10th Cir. 2013); *see also United States v. Bagley*, 473 U.S. 667, 676 (1985).  While a defendant may request particular disclosure, the prosecution has an affirmative duty to disclose *Brady* evidence regardless of a defendant's failure request such information.  *See Kyles v. Whitley*, 514 U.S. 419, 432–33 (1995).  Where the prosecution fails to disclose *Brady* evidence despite constitutional obligations, a defendant may pursue disclosure of the allegedly exculpatory or impeachment material.  *See* Fed. R. Crim. P. 16.

Based on information contained in incident reports, defendant requests "at least [four] photos, witness statements, and phone calls and letters" from Mr. Roark indicating an intent to harm himself; information on any Rule 5K1.1 motion for Mr. Roark; Mr. Roark's criminal history; and "any and all evidence showing when and to whom [defendant's] own phone calls were distributed."  (Doc. 154, at 2.)  The government asks the court to find the motion moot, arguing that it has secured witness statements, reports of calls, and letters associated with Mr. Roark's injury, as well as his mental health information, and that it will provide defendant with a relevant, redacted pleading and information about Mr. Roark's criminal history.  Regarding the alleged photos, the government takes the position that "[n]o photographs associated with the investigation regarding [Mr. Roark's] injury remained available."  (*Id.* at 5.)

As reflected by the record, Mr. Roark's testimony was significant in both defendant's conviction and in determining the drug amounts imputed to him during his first sentencing hearing.  (*See* Doc. 101, at 32–35 (First Sentencing Hearing).)  In the first sentencing hearing, the court explained that it was not in a position to discern Mr. Roark's mental state at the time of the alleged suicide attempt, and that the video *alone* was not material to discredit his trial testimony.  (*Id.* at 33–34.)  While the video was provided before that hearing, the incident reports and documentation requested above were not.  Mr. Roark's trial testimony suggested that he

5

suffered an injury by blacking out and falling over a railing, and the video's post-trial disclosure functionally prevented trial counsel from inquiring into the disputed circumstances of this injury. (*See* Doc. 99, at 204 (Trial Tr. vol. 3, 417–19).)

Under the circumstances, the court grants defendant's motion in part and takes it under advisement in part.  As the Supreme Court has explained, between the sweep of *Brady* and a prosecutor's various statutory and ethical obligations, "the prudent prosecutor will err on the side of transparency, resolving doubtful questions in favor of disclosure."  *Cone v. Bell*, 556 U.S. 449, 470 n.15 (2009).

Within 14 days from the date of this order, the government must provide all records and recordings in its possession of defendant's calls made during his incarceration at the then-CCA facility on or before January 22, 2016.  As noted above, the court is mindful that any existing recordings already may have been provided to the FPD's office.  In light of the government's representation that it currently is providing defendant with its evidence about Mr. Roark's fall/alleged suicide attempt, the court takes that portion of defendant's motion under advisement. As part of this Order, the court sets a motion hearing designed to resolve the remaining discovery isues.

### C.      Motion for Reconsideration (Doc. 165)

Following reassignment of this case to the undersigned judge, defendant asked the court to reconsider its prior rulings on his Motion to Dismiss Indictment (Doc. 124), Motion for New Trial (Doc. 143), and Motion for Return of Property (Doc. 153).[4]

"Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper."  *United States v.*

---

[4]      At the time of defendant's Motion for Reconsideration, the court had not yet ruled on his Motion for Return of Property.

*Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (quotation marks omitted).  "A motion to reconsider is committed to the discretion of the district court," *Weaver v. City of Topeka*, 931 F. Supp. 763, 764 (D. Kan. 1996), and recognizes "the wisdom of giving district courts the opportunity promptly to correct their own alleged errors."  *United States v. Dieter*, 429 U.S. 6, 8 (1976).  Like its counterpart in civil cases, "[a] motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."  D. Kan. Rule 7.3; *see Weaver*, 931 F. Supp. at 764. "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."  *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

In this instance, while defendant identifies rulings he wants the court to reconsider, he has provided no grounds making reconsideration proper.  The motion, in essence, simply asks the court "to revisit issues already addressed."  *Weaver*, 931 F. Supp. at 764.  Accordingly, the court denies defendant's motion because he has failed to support it.[5]

### D.      Pro Se Motion to Produce (Doc. 166)

Construed liberally, defendant's Pro Se Motion to Produce asks the court to order production of substantially the same *Brady* and *Black*-related evidence sought in the discovery motions filed by counsel.

The court "has no duty to consider pro se motions by a represented defendant."  *United States v. Dunbar*, 718 F.3d 1268, 1278 (10th Cir. 2013).  Consideration of such motions is committed to the court's sound discretion.  *See id.* (citing *United States v. Jarvi*, 537 F.3d 1256, 1262 (10th Cir. 2008)).

---

[5]      Because the court cannot evaluate defendant's motion without a ground for reconsideration, the court does not reach the question of timeliness.  *See Randall*, 666 F.3d at 1242 (explaining the interaction between the Federal Rules of Appellate Procedure and relief sought on reconsideration).

While the court recognizes its discretion to permit so-called hybrid representation, the court ordinarily does not permit defendants to represent themselves on some aspects of a case while they are, simultaneously, represented by counsel.  This ordinary practice tracks that of the Circuit.  *United States v. Castellon*, 218 F. App'x 775, 780 (10th Cir. 2007).  And even if it didn't, the court would use that approach here.  Competent counsel is representing defendant aggressively and the court finds no good reason to multiply the case's issues.  Also, some of the issues that defendant appears to raise in his pro se filings duplicate issues already raised by motions his counsel of record have raised in other motions.  There is no reason to analyze the same issues twice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Return of Property (Doc. 153), Motion for Reconsideration (Doc. 165), and Pro Se Motion to Produce (Doc. 166) are denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant's Motion to Compel Discovery (Doc. 154) is granted in part and taken under advisement in part.  Within 14 days from the date of this order, the government must provide all records and recordings in its possession of defendant's calls made during his detention at the then-CCA facility on or before January 22, 2016.  The court takes defendant's motion under advisement with respect to relief sought regarding Mr. Roark and sets a hearing to decide those unresolved issues for Thursday, December 10, 2020 on the court's 9:00 a.m. docket.

**IT IS SO ORDERED.**

**Dated this 12th day of November, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**