IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAY N. GIANNUKOS (01),<br><br>Defendant. | Case No. 15-20016-01-DDC |

### AGREED ORDER GRANTING DEFENDANT'S
### MOTION TO VACATE UNDER 28 U.S.C. § 2255 (Doc. 227)

This action comes before the court on defendant Jay Giannukos's Motion to Vacate and Discharge with Prejudice under 28 U.S.C. § 2255, and his Memorandum in Support. *See* Doc. 227 (Motion to Vacate and Discharge with Prejudice Under 28 U.S.C. § 2255). Defendant Jay Giannukos appears by appointed counsel, David J. Guastello, and the United States appears by Assistant United States Attorney Scott C. Rask.

In short form, Mr. Giannukos's motion asks the court to vacate his sentence and set aside the Judgment in the action. During an in person hearing on April 20, 2023 (Doc. 240), the United States informed the court that it intended to join Mr. Giannukos's pending § 2255 motion. Since then, the parties jointly have submitted a proposed Order asking the court to: (1) vacate the Judgment on Fifth Amendment due process grounds "regarding impeachment material of a witness concerning an attempted suicide not disclosed before trial[;]" (2) restore the parties to the position they occupied before trial; and (3) permit Mr. Giannukos to withdraw "all other claims and grounds asserted in his" pending motion under § 2255. Doc. 227.

As support for the resolution that the parties jointly propose, the following applies.

PROCEDURAL HISTORY

The government initially charged Mr. Giannukos in a criminal complaint with drug trafficking and firearms offenses. Doc. 1 (Complaint). A grand jury returned a four-count indictment charging Mr. Giannukos with the same drug-trafficking and firearms offenses asserted in the complaint, plus a counterfeit currency offense. Doc. 9 (Indictment). A grand jury returned a Superseding Indictment with the same four charges but corrected the manufacturer of the .22 caliber firearm charged in Count 2 as a Taurus instead of Smith & Wesson. Doc. 33 (Superseding Indictment).

The government sought a continuance of the August 2015 jury trial because a witness had "incurred serious injuries from a fall" on July 22, 2015.[1] Doc. 45 (Government's Motion to Continue the Jury Trial) at 1. A jury trial occurred in January 2016, with the jury returning its verdict of guilty on all four charges against Mr. Giannukos. Docs. 64–66, 67, & 70.

The court initially sentenced Mr. Giannukos to: 240 months on Count 1 (possession of methamphetamine with intent to distribute); 60 months on Count 2, consecutive to Count 1 (possession of firearm in furtherance of Count 1); 22 months on Count 3, consecutive to Count 1 (felon in possession of firearm); and 240 months on Count 4, concurrent with Count 1 (counterfeit currency). This sentence produced a controlling term of 322 months in prison. Doc. 85 at 3 (Judgment).

In his appeal, Mr. Giannukos challenged the firearms convictions based on the constructive possession instruction and improper statements allegedly made during the government's closing argument. *United States v. Giannukos*, 908 F.3d 649, 651 (10th Cir. 2018). The Circuit held the Instructions were erroneous and amounted to plain error, so the

---

[1] From the investigative materials developed by CCA following this incident, which includes video surveillance, the court found during the sentence hearing that the "fall" was a suicide attempt, not a fall. Doc. 205 (Transcript of Sentence Hearing) at 65–67.

Tenth Circuit reversed the two firearms convictions and remanded for a new trial. *Id*. at 658. On December 3, 2018, the Circuit issued its mandate and remanded the case. Doc. 109 (Mandate).

Following remand, the court sentenced Mr. Giannukos to 108 months' imprisonment followed by three years of supervised release. Doc. 197 (Minutes) and Doc. 215 (Second Amended Judgment) at 2–3. The court granted a substantial downward variance, however, due to "the mishandling of [Mr. Giannukos's] trial." Doc. 198 (Partial Transcript of Sentence Hearing) at 2.

On November 29, 2021, the Tenth Circuit granted Mr. Giannukos's request to dismiss the appeal he had initiated before he was resentenced. Doc. 218 (Mandate).

One year later, on November 28, 2022, Mr. Giannukos filed the currently pending Motion to Vacate. Doc. 227. On October 7, 2022, Mr. Giannukos began his term of supervised release. Doc. 239.

GROUNDS FOR RELIEF

Under Title 28, section 2255 of the United States Code, a prisoner may petition to vacate, set aside, or correct a sentence imposed by a federal court for violating a federal statute. 28 U.S.C. § 2255(a). The court may "entertain and determine such [a] motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255(c).

As this case's post-conviction litigation continued, it became clear that a Fifth Amendment due process violation had occurred before trial. Specifically, the investigative materials about a suicide attempt by a witness in custody were not disclosed to Mr. Giannukos as impeachment material before trial. Doc. 227 (Motion to Vacate) at 8. With that realization, the parties jointly asked our court to vacate the Judgment in this case and restore the parties to the positions they had occupied before trial.

The court reviewed the pending motion, heard remarks from government counsel on this issue during a hearing on April 20, 2023, and now, fully apprised, finds Mr. Giannukos's sentence is "otherwise subject to collateral attack," as contemplated by 28 U.S.C. § 2255(a). So, the court concludes, it should vacate the Judgment as the parties request.

**THEREFORE, IT IS ORDERED** that defendant's Motion under 28 U.S.C. § 2255 (Doc. 227) is granted in part, based on the Fifth Amendment grounds due to the government's failure to disclose impeachment materials before trial concerning an attempted suicide attempt by a government witness.

**IT IS FURTHER ORDERED** that the Second Amended Judgment (Doc. 215) in this case is vacated and the parties now are restored to their positions before trial.

**IT IS FURTHER ORDERED** that all other claims and grounds asserted by Mr. Giannukos seeking relief (including his motion, Doc. 227, which the court directs the Clerk of the Court to terminate) are withdrawn at his request.

**IT IS FURTHER ORDERED** that the parties must appear for a status conference on June 22, 2023, at 9:00 a.m. in Courtroom 476 of the Robert J. Dole Courthouse.

**IT IS SO ORDERED.**

**Dated this 1st day of May, 2023, at Kansas City, Kansas.**

s/ Daniel D. Crabtree  
**Daniel D. Crabtree**  
**United States District Judge**